SCOTT ERIK ASPHAUG, OSB # 833674
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-mj-00064 |
| v. | **GOVERNMENT'S MOTION FOR PRETRIAL DETENTION** |
| **MANUEL ANTONIO SOUZA ESPINOZA,** | |
| **Defendant.** | |

The United States of America, through Scott Erik Asphaug, United States Attorney for the District of Oregon, and Scott M. Kerin, Assistant United States Attorney, hereby asks the Court to continue the defendant's detention pending trial as both a risk of non-appearance and as a danger to the community.

**A.    Factual and Procedural Summary.**

On March 31, 2022, defendant was charged in a federal Criminal Complaint with (1) Possession with Intent to Distribute 40 grams or more of a mixture and substance containing a detectable amount of Fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B); and, (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).  A conviction on the current drug offense, as charged in the criminal complaint, carries a maximum sentence of 40 years' imprisonment, a mandatory minimum of 5-years' imprisonment, and a four-year term of supervised release.  The Possession of a Firearm in Furtherance of a Drug Trafficking Crime carries a maximum term of Life imprisonment and a mandatory minimum of 5 years' imprisonment.  Both offenses independently carry a presumption of pretrial detention.

On March 31, 2022, the defendant was stopped and arrested while he was in the process of attempting to sell a cooperating defendant approximately 1,000 counterfeit M30 prescription pills manufactured with fentanyl.  The defendant was also in possession of a loaded Glock .40 caliber handgun, with an extended magazine, which was found right next to him in the car.  When the defendant's vehicle was stopped there were four people in the car.  The defendant was the driver.  Portland Police Officers searched his vehicle.  Between defendant's driver seat and the center console they located a loaded Glock .40 caliber handgun, with extended magazine containing 15 rounds (depicted in Picture 1).  Under the front passenger seat officers located a plastic bag with approximately 1,000 counterfeit blue M30 pills, believed to be manufactured with fentanyl (depicted in Picture 2).  This is the same quantity of pills the cooperating defendant was expecting to purchase from ESPINOZA that night.  The pills weighed approximately 114 grams.  In a fanny pack in the rear seat officers found another loaded Glock .40 caliber handgun (depicted in Picture 3) (a passenger in the rear seat claimed this gun was his).  The facts of the defendant's arrest are more fully laid out in the criminal complaint.

///

///

**Government's Motion for Pretrial Detention**  Page 2



(Picture 1 – Loaded gun between ESPINOZA's seat and center console)



(Picture 2 – Counterfeit M30 pills found under front passenger seat)



(Picture 3 – Gun in backseat fanny pack)

**Government's Motion for Pretrial Detention**                    **Page 3**

The government seeks the defendant's continued detention as a danger to the community and a risk of nonappearance.

**B.    Applicable Law.**

    **1.    Rules of Evidence Do Not Apply at Detention Hearing**

The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *see also United States v. Bibbs*, 488 F.Supp.2d 925, 925-26 (N.D.Cal. 2007).

    **2.    Rebuttable Presumption of Detention**

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, which governs the detention of a defendant pending trial, the Court shall order a defendant detained if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Generally, the United States bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need only be proved by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *Winsor*, 785 F.2d at 757.

Where there is probable cause to believe that the defendant committed a Title 21 narcotics offense and the maximum penalty for that offense is a term of imprisonment of 10 years or more, or a violation of Title 18, United States Code, Section 924(c), the law creates a presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A) and (B). In such a case, the burden of proof shifts to the defendant to rebut the

presumption of detention.  *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986).  The defendant's criminal complaint in this case creates such a presumption of detention.

Concern about the safety of the community is not limited to concerns about violence; rather it is the *risk* that a defendant will continue committing crimes while on release, such as drug dealing, that warrants their continued detention as a danger to the community:

> [T]he language referring to the safety of the community refers to the danger that the defendant **might** engage in criminal activity to the detriment of the community.  The committee intends that the concerns about safety be given a broader construction than merely danger of harm involving physical violence.  This principal was recently endorsed in *United States v. Provenzano and Andretta*, in which it was held that the concept of 'danger' . . . extended to nonphysical harms such as corrupting a union.  **The committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."**

S.REP. NO. 98-225, 98th Cong., 1st Sess. (1983), *reprinted in* 1984 U.S.C.C.A.N 3182, 3195 (Bail Reform Act)(emphasis added); *see also United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir.1989)(Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society.").

The Senate Report further explained *why* they created the presumption that there was no condition or combination of conditions of release that will reasonably assure the appearance of drug dealers or the safety of the community:

> These [the crimes outlined in 18 U.S.C. § 3142(e)] are serious and dangerous federal offenses.  The drug offenses involve either trafficking in opiates or narcotic drugs, or trafficking in large amounts of other types of controlled substances.  It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity.  Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, **because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism**.

S.REP. NO. 98-225, 98th Cong., 1st Sess. (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3203 (Bail Reform Act) (emphasis added).

**Government's Motion for Pretrial Detention**                                                                                       **Page 5**

The presumption in favor of detention, as both a flight risk and danger to the community, does not vanish if a defendant comes forward with some evidence to rebut it, but rather it remains an evidentiary factor to be evaluated. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985); *see also United States v. Rueben*, 974 F.2d 580, 586 (5th Cir.1992); *United States v. Rodriguez*, 950 F.2d 85, 88 (2nd Cir.1991); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir.1989). Were the presumption to vanish, "courts would be giving too little deference to Congress' findings regarding this class." *United States v. Martir*, 782 F.2d 1141, 1144 (2nd Cir.1986).

The degree of danger posed by a defendant charged with narcotics trafficking is critical. *United States v. Leon*, 766 F.2d 77, 81 (2nd Cir. 1985). To determine that degree and decide if a defendant should be detained pending trial, a judicial officer must look to the nature and circumstances of the crime charged; whether the crime involved violence or drugs; the personal history of the person, the seriousness of the danger posed by the person's release; and, the evidence of the individual's guilt. *Id*. Evidence of defendant's family ties in the area, residence in the community and employment history should have no bearing on the court's determination of dangerousness and cannot rebut the presumption that arises under the statute. *See* S. Rep. No. 225, 98th Cong., 1st Sess. 24 (1983) (minimizing community ties and pointing to the "growing evidence that the presence of this factor does not necessarily reflect a likelihood of appearance, and has no correlation with the question of the safety of the community.").

If the defendant proffers evidence to initially rebut the presumption of dangerousness or risk of non-appearance, the Court should then examine the following four factors in deciding whether release is appropriate:

    (1)    the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;

**Government's Motion for Pretrial Detention**　　　　　　　　　　　　　　　　　　　　　　　　　**Page 6**

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal . . . ; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

**C.     Factors Supporting Detention.**

The defendant should be detained pending trial as both a danger to the community and a risk of nonappearance. The defendant is a significant and armed drug dealer. The defendant's criminal conduct clearly shows that he is a danger to the public and that he will not abide by the law. It would be unrealistic to hope he will follow any of the Court's future orders.

**1.     Nature and Circumstances of the Offense.**

The defendant was an armed merchant of death. The defendant possessed a substantial quantity of counterfeit pills, made with fentanyl, for purposes of further distribution. He was also an armed drug dealer who had a loaded firearm next to his seat. The nature and circumstances of the offense warrant his pretrial detention.

Almost every week we read and hear about people who are overdosing and dying from fentanyl – kids and adults – who are buying and using counterfeit M30 prescription pills that are manufactured with fentanyl and then dying. As all of us have seen, drug traffickers are

increasingly selling counterfeit M30 prescription pills that are manufactured with fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule II controlled substance. These counterfeit pills are designed to replicate real 30 mg Oxycodone Hydrochloride pills, which are round, blue in color, and stamped with an "M" and "30" on them. Drug dealers regularly counterfeit these pills and, while attempting to replicate the round shape, the blue color, and the stamp of "M" and "30," they are instead manufacturing these pills with fentanyl as the active ingredient. The death and tragedy that is resulting from the distribution and use of these counterfeit pills is truly astronomical.

Here, thankfully, the defendant was arrested before he has able to sell anymore of these pills. Unfortunately, before his arrest he was an active drug dealer. We know from the cooperating defendant that the defendant was a very large drug dealer who has been receiving and selling significant amounts of fentanyl pills in the greater Portland, Oregon area. The cooperating defendant also knows that the defendant had other customers, has "been in the game for a while," and that he made statements about having direct access to people who manufacture counterfeit pills and that the pills were fake and coming from Mexico.

In addition, this defendant possessed a loaded firearm in furtherance of his dangerous trade. The combination of substantial quantities of drugs and a loaded gun makes for a very dangerous, deadly, and combustible mix.

Large drug dealers like the defendant are exactly the people Congress warned us about and why they created the presumption of detention in these cases. Dealers like the defendant make their living from drug dealing and are prone to go back to it when they are released from custody. To release this defendant today risks him starting up again where he left off last night –

selling pills where every single pill sold could kill another person. This defendant should not be given that opportunity. He should be detained.

 2. **Weight of the Evidence.**

The weight of the evidence against the defendants is extremely strong and supports his continued detention. The defendant was caught on his way to sell approximately 1,000 counterfeit pills to a person who was cooperating with law enforcement. He was found in possession of a loaded firearm that was right next to him in the car. He should be detained.

 3. **History and Characteristics of the Defendant.**

The history and characteristics of the defendant also warrants his pretrial detention. Although the defendant lives in Vancouver, Washington, his community ties have done nothing to prevent him from engaging in criminal activity and are insufficient to hold him in the area now that he is facing serious federal charges. In the instant case the defendant was caught on his way to conduct a drug deal. The defendant possessed a loaded handgun in furtherance of his drug trafficking activities. We also know that the defendant had other customers and is regarding as being a significant drug dealer who has direct access to people manufacturing pills in Mexico. The defendant is being investigated as the potential source of supply in several drug overdoses and in November of 2021, he was one of four occupants inside a house at which law enforcement executed a search warrant and found drugs, nine firearms (including two which had been modified to fire fully automatic), body armor, a ballistic helmet, two suspected firearm suppressors, and over $35,000 in cash. The defendant told the agents that he does not have a legitimate job.

///

///

**Government's Motion for Pretrial Detention**  Page 9

### 4. Nature and Seriousness of the Danger to the Community.

The defendant's drug dealing activities, by themselves, are extremely serious. The defendant's possession of a loaded firearm in connection with his drug dealing is also extremely serious. Both offenses warrant his pretrial detention.

Given the presumption of detention that comes along with the charges, Congress has recognized the very serious risk that drug dealers pose to the community and their risk of going back to drug dealing even while on pretrial release. Drug dealers selling fentanyl, which is killing large numbers of our fellow citizens, pose an unacceptable risk to the community and should be detained. There is simply no condition or combination of conditions that the Court will impose that will mitigate the risk that the defendant's distribution of fentanyl poses to the community.

Furthermore, the defendant's possession of a firearm while dealing drugs adds another level of danger to the mix. Firearms are "tools of the trade" for drug dealers and used to protect themselves, their drugs, and their ill-gotten gains. As a drug dealer, the defendant is a target for those who might want to rob him and this would potentially necessitate him using a firearm to respond to the threat. As a drug dealer, the defendant also has to deal with suppliers and customers who may also be armed and disagreements often arise between these groups resulting in shootings. As an armed drug dealer, the defendant also poses a significant risk to the safety of law enforcement officers who may try and arrest him and others in the community who may encounter him. The combination of drug dealing and possessing a firearm in furtherance of drug dealing is a dangerous, deadly, and combustible mixture that threatens the safety of the community. He should be detained.

## Conclusion

For the reasons set forth herein, we respectfully request that the Court continue to detain the defendant pending trial and find he poses an unacceptable risk of non-appearance at future court hearings and that he is a danger to the community. We ask the Court to find that:

- Both of the offenses charged create a rebuttable presumption in 18 U.S.C. § 3142(e) that no combination of conditions will (1) reasonable assure the safety of the community and (2) reasonably assure the appearance of the defendant as required.

- The defendant has not rebutted, by sufficient evidence to the contrary, the presumption of detention provided in 18 U.S.C. 3142(e).

- Furthermore, due to the nature of the offense and the extreme dangers posed by the defendant's illegal trafficking of methamphetamine, as well as his possession of a loaded firearm in furtherance of his drug trafficking activities, that there is no condition or combination of conditions that will reasonably assure the safety of other persons and the community if the defendant were released.

- Due to the weight of the evidence and the defendant's personal history and characteristics, including the potential penalties he is facing on the current charges, no condition or combination of conditions will reasonably assure the appearance of the defendant at future court hearings as required if released from custody.

Dated: April 1, 2022.

Respectfully submitted,

SCOTT ERIK ASPHAUG
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney